**Alexandru PURCARELU, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72883.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2003.

Decided Nov. 25, 2003.

Michael T. Purcell, Esq., Attorney at Law, Portland, OR, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, District Counsel, Office of the District Counsel, Portland, OR, Christopher C. Fuller, Alison Marie Igoe, Marion E. Guyton, Attorney, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, ALARCON, and RAWLINSON, Circuit Judges.

MEMORANDUM *

The BIA's streamlined decision affirmed, without opinion, the IJ's denial of Purcarelu's asylum application. There-

fore, the IJ's decision is the final agency action for purposes of this appeal. *See Cedano–Viera v. Ashcroft*, 324 F.3d 1062, 1063 n. 1 (9th Cir.2003). The IJ's determination that Purcarelu is ineligible for asylum "can be reversed only if the evidence presented by [Purcarelu] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (citation omitted).

According to Purcarelu, three men punched him in the stomach when he refused to leave the Civic Alliance party. However, Purcarelu was not detained and did not require medical treatment. Moreover, by all accounts, this was an isolated incident. It is also unclear whether the assault was committed by the government or forces the government was either unable or unwilling to control, given that Purcarelu did not recognize the men and they neither identified themselves nor their political affiliation. *See Ernesto Navas v. INS*, 217 F.3d 646, 655–656 (9th Cir.2000). Even if the former Communist regime was behind the assault, Purcarelu's contention that the government would do nothing to help him is not compelling. The police simply stated that they needed more information in order to begin an investigation—a reasonable request given that Purcarelu could not describe his attackers. Under these circumstances, we cannot say that the record evidence compels the conclusion that Purcarelu established past persecution. *See Elias–Zacarias*, 502 U.S. at 481 n. 1.

Because Purcarelu failed to establish statutory eligibility to asylum, he necessarily failed to satisfy the higher standard for withholding of deportation. *See Pedro–*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000) (citation omitted).

**PETITION DENIED.**